KENNETH M. SORENSON
United States Attorney
District of Hawaii

MICHAEL F. ALBANESE
BARBARA EUCKER
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:   Michael.Albanese@usdoj.gov
          Barbara.Eucker@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. MJ 26-00281 SASP-WRP-02 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| v. | ) | APPEAL OF UNITED STATES |
| | ) | MAGISTRATE JUDGE'S |
| SKYLER SUPAPO (2), | ) | RELEASE ORDER (ECF NO. 15); |
| | ) | ATTACHMENT A; CERTIFICATE |
| Defendant. | ) | OF SERVICE |
| | ) | |

**MEMORANDUM IN SUPPORT OF APPEAL OF UNITED STATES
<u>MAGISTRATE JUDGE'S RELEASE ORDER (ECF No. 15)</u>**

The United States of America, by and through Kenneth M. Sorenson, United States Attorney for the District of Hawaii and Barbara Eucker, Assistant U.S. Attorney, pursuant to Title 18, United States Code, Section 3145, hereby submits this Memorandum in Support of the United States appeal to the United States District Court from the Order of Magistrate Judge Wes Reber Porter, releasing Defendant Skyler Supapo ("Defendant") pending trial. ECF No. 15 (United States' Notice of Appeal); *see also* ECF No. 14 (Order).

For the reasons set forth herein, the United States respectfully requests that this Court detain Defendant pending trial in this matter.

## I.    BACKGROUND

The Complaint outlines the relevant factual background supporting the charges in detail. *See* ECF 1. In short, following an investigation into online social media accounts and suspicious parcel shipments, federal agents obtained a search warrant for a residence in Kalihi. During the execution of that search warrant, federal agents recovered a total of 44 firearms. Among the 44 firearms, were an Uzi Submachine gun, a pistol with an installed machinegun conversion device, at least two firearms with obliterated serial numbers, two short-barreled rifles, an AR-style pistol with an installed suppressor/silencer, and one firearm suppressor/silencer.   Examples of the firearms recovered are pictured below:

2



### a.  Procedural History

The government moved to detain Defendant pending trial and Pretrial Services recommended that Defendant be released on conditions. Magistrate Judge Wes Reber Porter ordered Defendant's release on conditions but provided that such release be delayed pending acceptance and bed space availability at MAKANA O KE AKUA (MOKA) or FAITH HOUSE. ECF No. 14. Furthermore, Magistrate Judge Porter ordered: "Release is further stayed pending the adjudication of any appeal filed by the Government. The filing of any appeal shall occur no later than close of business today, 3/27/2026."   ECF No. 14.

## II.   APPLICABLE LAW

Under the Bail Reform Act, a court must detain a defendant pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).   In reviewing a magistrate judge's release order under Title 18, United States Code, Section 3145(a), the district court applies a *de novo* standard of review and owes no deference to the magistrate's determinations. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990).

The government has the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community, *see* 18 U.S.C. § 3142(f)(2)(B), and by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight, *see United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990) (citing *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985)).

Section 3142(g) lists the following factors that a court must consider in determining whether detention is required:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance [or] firearm . . . ;
>
> (2) the weight of the evidence against the person;

4

(3) the history and characteristics of the person, including—

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)-(4).

## III.   ARGUMENT

Defendant has a history of violence and is charged with three serious firearm offenses. There is no condition or combination of conditions that will reasonably assure the appearance of Defendant and the safety of the community.

### Nature & Seriousness of Offense

The nature and seriousness of the offense charged weighs strongly in favor of detention. Defendant was caught with 44 firearms in his residence, with 42 of those firearms being stored in his own bedroom. Examples of the firearms

recovered include: an Uzi Submachine gun; a pistol with an installed machinegun conversion device; at least two firearms with obliterated serial numbers; two short-barreled rifles; an AR-style pistol with an installed suppressor/silencer; and one firearm suppressor/silencer. Text messages on the Defendant's phone reveal that he and his co-defendant regularly bought firearms and firearm parts, and appear to have distributed them to others.

Furthermore, Defendant admitted to investigators that he was aware these firearms were being stored in his bedroom, and that he in fact assisted in tracking the packages that they arrived in. It is likely no coincidence that Defendant works for the U.S. Postal Service.

**History & Characteristics of the Defendant**

The history and characteristics of Defendant also weigh in favor of detention. Although Defendant has no prior convictions, he has had several interactions with law enforcement, as noted in the Bail Report.

A review of Defendant's phone is ongoing, and thus far reveals well over one hundred videos and images of what appears to be Defendant and others discharging, brandishing, or otherwise posing with firearms, including in public places and on public roads. *See, e.g.,* **Photograph A** (Defendant posing with what appears to be a Glock 17 semi-automatic firearm with an installed machine gun

6

conversion device (a.k.a. Glock switch)[1] and extended ammunition magazine);

**Photograph B** (a screenshot of a "point-of-view" video of an individual believed

to be Defendant discharging multiple rounds of an AR-15 pistol at a "No

Trespassing" sign in Wahiawa).

<table>
<tr><td align="center">***Photograph A***</td><td align="center">***Photograph B***</td></tr>
<tr><td></td><td></td></tr>
</table>

---

[1] The Glock switch converts the firearm to allow it to function as a machine gun—
*i.e.*, it allows the firearm to fire rounds continuously as long as the trigger is being
held through a single trigger manipulation.

Additionally, Defendant has a history of violence, including incidents that were detailed in a Petition for a temporary restraining order against the Defendant and others (Case No. 1DSS-23-0001252 filed on November 3, 2023), the relevant portion of which is copied below:

(Explain in detail recent or past acts or threats of harassment, using additional sheets, if necessary.)

Petitioner was violently assaulted by the Respondents on August 20, 2022. Petitioner was leaving his home in his truck to go diving when Skylar walked by with his hunting dog and started yelling profanities at Petitioner and called him a "faggot." Skylar then ran in front of Petitioner's vehicle to block him for leaving. Skylar continued yelling, "fuck you," "I'll kill you," "I'll put you six fee under." Petitioner tried to call 911, when Respondent punched the phone out of Petitioner's hand, when Petitioner went to reach for his phone on the floor of his car, Skylar tried to punch Petitioner in the head. Then Gilbert and Arlene drove up in their car and parked directly in front of Petitioner's truck to block his way. Gilbert and Arlene got out of their car and Gilbert started yelling at Petitioner, "what you fakka, fakka, mutha fakka." Then Gilbert went to the back of Petitioner's truck and grabbed a spear and ran back to Petitioner and first slammed the spear into Petitioner's left forearm, and stabbed Petitioner in his right arm causing a puncture wound. Gilbert then tried to stab Petitioner in the abdomen and Petitioner grabbed the spear with his hands to stop the spear from stabbing him. Petitioner and Gilbert were wrestling with the spear when Gilbert yanked it free and then smashed it into Petitioner's head. During this time, Arlene was yelling insults at Petitioner and distracting him from defending himself. Skylar also grabbed a spear from Petitioner's truck and was yelling insults and threatening Petitioner and using the spear to smash and damage Petitioner's truck. Gilbert then attacked Petitioner again, punching him in the mouth, then punching him in the temple, kicked Petitioner in the groin. Skylar then ran to get more reinforcements and came back to the scene with Sylvester, Gilbert Jr. Sebastian, and Worldster and they all started yelling and threatening Petitioner, while he was bleeding and in pain. Sylvester came within inches of Petitioner's face and closed his fist and threatened to punch Petitioner. The police arrived shortly thereafter. In the Fall of 2022, Skylar and his dog were making a lot of noise. When Petitioner went to see what was going on, Skylar threatened him yelling "what you get problem, you want to fight." Skylar then went to call his family who came out and surrounded Petitioner's residence and driveway. Skylar picked up a big rock and threw it at Petitioner and his truck. Petitioner has also had his mail stolen for years. It is suspected that Arlene and Skylar have been illegally misappropriating Petitioner's mail as they work for the USPS and Arlene is the delivery person for Petitioner's residence. Respondents' have had intimate details of Petitioners' families affairs, including health and legal information, that is not public knowledge and there would be no way for Respondents to otherwise know this information. There are currently two felony cases against Gilbert Supapo, 1CPC-22-0001055, and Skylar Supapo, 1CPC-22-0001051, directly related to the violent assault on August 20, 2022. Despite the pending felony cases, Gilbert and Skylar have continued to harass and threaten Petitioner on a regular basis, yelling things like "fuck you, muthafaka, you faka." at Petitioner. Gilbert has also thrown objects at Petitioner and then stared at Petitioner in a threatening manner turning his head to follow Petitioner as he drove by. Petitioner is concerned that Respondents are continuing their pattern of harassing and threatening behavior and is requesting the Court's protection against further harassment.

**Nature & Seriousness of Danger to Community**

The government has serious concerns about the recent violent crimes involving firearms affecting the local community in Hawaii, many of which

involve youthful offenders. With the prevalence of ghost guns, the ease with which such offenders can gain access to firearms has exacerbated the situation. Defendant presents a danger in that if released, he could continue to harm the community through his involvement with firearms. There is no set of conditions that can ensure the community's safety upon his release.

**Defendant Is a Flight Risk**

Defendant is also a flight risk given the serious penalties he faces and the strength of the United States' case against him. Defendant is currently charged with possession of a machinegun; possession of a firearm with an obliterated serial number; and possession of an unregistered National Firearms Act firearm.   If convicted of the charged offenses, Defendant faces up to 5 years in prison for possessing a firearm with an obliterated serial number and up to 10 years in prison for the other two charges. This amount of potential prison time provides a motive for Defendant to fail to appear in court.

**The Conditions of Release are Not Sufficient**

The conditions of release ordered by the Magistrate Judge are not sufficient to adequately assure the safety of the community or the appearance of Defendant as required. The two possible transitional housing placements—Makana O Ke Akua (MOKA) and Faith House—are unsecured facilities allowing Defendant the

9

opportunity to walk out at any time. If Defendant were to walk out of the facility, it endangers not only the community, but also the law enforcement officials tasked with locating him, particularly given his access to firearms.

IV.    **CONCLUSION**

For the foregoing reasons, the United States of America respectfully requests that Defendant be detained pending trial and/or further proceedings in this case.

DATED:   March 27, 2026, at Honolulu, Hawaii.

Respectfully submitted,

KENNETH M. SORENSON
United States Attorney
District of Hawaii

By */s/ Barbara Eucker*
    BARBARA EUCKER
    Assistant U.S. Attorney

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached was duly served

upon the following persons as set forth below:

Served Electronically by CM/ECF:

Bill Harrison                          william@harrisonlawcenter.com
Attorney for Defendant
SKYLER SUPAPO

E-mailed to:
Whitney Nakamura                       whitney_nakamura@hip.uscourts.gov
U.S. Pretrial Services and Probation


DATED:    March 27, 2026, at Honolulu, Hawaii.


                                    /s/ Melena Malunao
                                    U.S. Attorney's Office